MR. JUSTICE HUNT,
dissenting:
Montana Power’s motion to dismiss the appeal filed by the Attorney General on behalf of the State of Montana has been granted by the majority because the State was never a party of record in the administrative proceedings before the Commission nor the proceedings before the District Court. “Utter stranger” is the phrase used by the Power Company to describe their view of the status of Montana and its Attorney General trying to bring the case before this Court. The long and turbulent history of rate setting in this state, makes that phrase utter nonsense. One need only read the proceedings of the 1972 Constitutional Convention to find the interest of the members and the citizens in rate matters. Montana Constitutional Convention verbatim transcript pp. 2373-2423, Vol. VI (1981).
That interest carries over to the present case. An agency of the State of Montana, the Public Service Commission, held extensive hearings on this matter. As experts in rate setting they reached a decision adverse to the Power Company. The utility appealed the District Court that reversed their decision. Parties named in the *488 proceedings before the Commission and the District Court elected not to appeal for reasons of their own. The Attorney General in his capacity as the top-elected attorney for the state correctly filed an appeal that should be granted.
Under State ex rel. Olsen v. Public Service Commission (1955), 129 Mont. 106, 283 P.2d 594, the Attorney General not only has the power but in my opinion has the duty to maintain an action such as this on appeal. In Olsen, the Court quoted with approval from 5 Am.Jur. Attorney General Section 6 (1936):
“Moreover, it is generally held that the attorney general, in addition to the powers and duties conferred and imposed upon him by statute, is clothed and charged with all the common-law powers and duties pertaining to his office as well, except in so far as they have been expressly restricted. The duties of the office are so numerous and varied that it has not been the policy of state legislatures to attempt specifically to enumerate them; and it cannot be presumed, therefore, in the absence of an express inhibition, that the attorney general has not such authority as pertained to his office at common law. Accordingly, as the chief law officer of the state, he may, in the absence of some express legislative restriction to the contrary, exercise all such power and authority as public interests may from time to time, require, and may institute, conduct, and maintain all such suits and proceedings as he deems necessary for the enforcement of the laws of the state, the preservation of order, and the protection of public rights.”
129 Mont. at 114-15, 283 P.2d at 598-99; see 7 Am.Jur.2d Attorney General Section 9 (1980). It later stated, citing 5 Am.Jur. Attorney General Section 8, that “ ‘(o)bviously there can be no dispute as to the right of an attorney general to represent the state in all litigation of a public character. The attorney general represents the public and may bring all proper suits to protect its rights.’. . .” 129 Mont. at 115, 283 P.2d at 599; see 7 Am.Jur.2d Attorney General Section 14. Addressing the issue of whether the district court proceeding affected “the public interests or . . . had for its purpose the protection of public rights,” the Court concluded that an action “questioning the reasonableness and lawfulness of the [telephone] rate” did involve the public interest. 129 Mont. at 116, 283 p.2d at 599. “Hence public interest being affected the state is a party in interest and the attorney general under the broad powers given him by the common law may represent the state in litigation.” 129 Mont. at 117, 283 P.2d at 600.
*489 The Attorney General should be allowed to maintain the appeal and this Court should deny the motion to dismiss and the case should be heard in interest of the State of Montana represented by the Attorney General.